# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1773V

| | |
|---|---|
| MARTHA JANE RITCHIE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 30, 2024 |

*Nathan Williams*, Campbellsville, KY, for Petitioner.

*Colleen Clemons Hartley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 16, 2018, Martha Jane Ritchie filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré syndrome as a result of an influenza vaccine she received on November 14, 2017. Petition, ECF No. 1. On July 31, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 60.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $54,649.20 (representing $46,339.20 in fees plus $8,310.00 in costs). Application for Fees and Costs ("Motion") filed February 9, 2024, ECF No. 66. Counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on February 12, 2024, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 68. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

The hourly rates requested for the relevant attorneys and paralegals through the end of 2022 are reasonable and consistent with prior determinations and shall therefore be adopted herein. Petitioner has also requested hourly rates for attorney Nathan Williams as follows: $460 for time billed in 2023 (representing an increase of $74 from the prior year), and $465 for time billed in 2024. ECF No. 66-2. These rates require adjustment.

In his affidavit, Mr. Williams states that he received his Juris Doctorate degree in 2007, and had as of 2020 "been practicing as an attorney for 13 years." (ECF No. 66-1 at 1), placing him in the rage of attorneys with 11 - 19 years' experience based on the OSM Attorneys' Fees Schedules.[3] I incorporate by reference all of the explanatory notes contained in these rate schedules.

Although Mr. Williams's requested rates fall within the appropriate range for an attorney of his lever of experience (as reflected in OSM's schedule), the specific rates requested would come from the higher end of the range. But it would be improper for Mr. Williams to receive rates established for comparably-experienced counsel who also have more lengthy experience in the Program than Mr. Williams. See *McCulloch* v. *Sec'y of Health and Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, based on the factors relevant to determining proper hourly rates for Program attorneys, I find it reasonable to award Mr. Williams the lesser rate at $406 per hour for all time billed in 2023, and $426 per hour for all time billed in 2024, representing an increase of $20 over 2023. **This results in a reduction in the amount of fees to be awarded herein of $1,175.10.**[4]

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: http://www.cofc.uscourts.gov/node/2914.

[4] This amount consists of ($460 - $406 = $54 x 18.80 hrs. = $1,015.20) + ($465 - $426 = $39 x 4.10 hrs. = $159.90) = $1,175.10.

3

## ATTORNEY COSTS

Petitioner has requested $8,310.00 in litigation costs, which include the obtaining of medical records, shipping costs, the Court's filing fee, and expert costs. ECF No. 66-5. The amount requested in expert costs include a flat fee of $3,000.00 for the work of Laura Lampton for the preparation of a traditional life care plan, and a flat fee of $4,800.00 for the expert work of Sara Ford for conducting a vocational economic assessment in this matter. ECF No. 66-5 at 1-6. However, the retainer agreements submitted in support of these expert costs do not meet the Vaccine Program's requirements, because they do not specify how many hours the experts expended on each task, nor set forth a proposed hourly rate for each expert's work. *Id*. Rather, the retainer agreements only state that "[a]ny subsequent reviews or addenda will be charged at the hourly consultation rates listed below, $410 for court and deposition time and $290 for consultation time including travel and wait time." *Id.* at 4.

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task…**With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[5]

It is incumbent upon counsel to apprise any and all experts they retain regarding the specific requirements for preparing invoices in the Vaccine Program. Furthermore, Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. See *Vogler* v. *Sec'y of Health & Hum. Servs*., No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013); *O'Neill*, 2015 WL 2399211, at *2, *15. This includes the expert's education, training, and experience, including experience in the Vaccine Program, and the expert's area of expertise, including rates traditionally charged by comparable experts in the Program. *Vogler*, 2013 WL 1635860, at *2; *Allen* v. *Sec'y Health & Hum. Servs*., No. 11-051V, 2013 WL 5229796, at *2 (Fed. Cl. Spec. Mstr. Aug. 23, 2013).

---

[5] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

Despite the above, I will in this case reimburse these expert-related costs in full (along with all other costs requested). But Petitioner's counsel should be aware that any future requests for experts costs may result in a curtailed award if the supporting documents do not meet the Vaccine Program's requirements.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$53,474.10 (representing $45,164.10 in fees plus $8,310.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Nathan Williams.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.